The opinion of tlie Court was delivered by
Tom), J.
Tlie plaintiff caused to be sold, under executory process, a sugar plantation belonging to the succession of Eloi Dicharry, deceased, on which he had a mortgage.
The adjudícateos of the property at the sheriff’s sale refused to pay the amount of their bid to the sheriff. The plaintiff thereupon took a rule on them and the sheriff, to compel them to pay over the same to the sheriff, and in the event of their refusing or failing to do so, to cause the sheriff to re-offer the property for sale.
The purchasers at the sale, after excepting to the form of the proceeding, answered, and alleged that they liad the right to retain in their hands the amount of the adjudication, by reason of their having a judicial mortgage on the property, older and outranking the plaintiff’s mortgage, and that there was no other property on which their mortgage operated, out of which it could be satisfied.
From a judgment making- the rule absolute, the defendants in the rule have ai>pealod.
The exception to the form of the proceeding seems to be abandoned in tlie argument before tliis Court, and it is not necessary to con aider it.
If, as contended by plaintiff’s counsel, the issue presented by the pleadings is simply whether a purchaser at a sheriff’s sale, made in foreclosure of a special mortgage, has a right to retain in his 'lands the price of the adjudication, by virtue of having a prior judicial mortgage on the property, though it is the only property subject to his mortgage, the question is of easy solution.
The Code of Practice prescribes rules on the subject free from all ambiguity. Thus, Article 679 provides, in substance: That when there exists on the property to he sold, a mortgage or privilege, the sheriff gives notice that it is sold subject to such mortgage or privilege, with the condition that tlie purchaser shall only be required to pay over the portion of the price which may exceed the amount of the privileges and special mortgages.
*581 And, by the. same Article, and Arts. 683 and 706, the amount of such privileges and special mortgages that are preferred to the seizing creditors, may be retained by the purchaser.
The express affirmation of the right of the purchaser at a judicial sale to retain the amount of the privileges and special mortgages on the property purchased, contained in these Articles, negatives the right to retain the amount of prior general mortgages. Such was the construction placed upon them in the case of Alford vs. Montego, 28 A. 593, in which it was said:
“It appears that the. plaintiff’s mortgage is a judicial mortgage, and if the defendant’s mortgage was not superior in rank, the plaintiff’s remedy was to claim the proceeds by third opposition, or subsequently by hypothecary action. It is only where there exists privileges or special mortgages, which are preferred to the judgment creditor, that the purchaser shall retain the portion of the price necessary to discharge said prior special mortgages and privileges.”
True, Article 710 of the C. P. authorizes the purchaser to retain the price, where there exists a general mortgage on the property, when a suit has been commenced against him “ to make him quit the property,’5 or he has reason to fear that such step will be taken, unless the seizing creditor shall relieve him of his disturbance, or give him proper security against it. ■ It is, however, inapplicable to this case, because there is no suit for eviction pending against the adjudicatees, and there could be no apprehension of one, inasmuch as they are themselves the holders of the alleged general or judicial mortgage, and could not sue themselves, and could not well exact security against an action which could only be instituted under their judicial mortgage against themselves. Besides, the Article seems to contemplate that the purchasers of the property are in possession under their purchase. Article 401, C. P., affords a plain remedy for such a. case, by third opposition.
The counsel for the defendants in the rule, however, insist that whatever may be the rights of the plaintiff under the law, that he, himself, by his pleading, has confined the issue solely to the question of the rank and date of their respective mortgages, and has invoked the determination of this issue, in this proceeding, as decisive of the rights of the parties, involving, on the one hand, the right of the plaintiff to receive the money from the sale, and on the other, their right to withhold it from him, and apply it to the satisfaction of their claim.
We do not thus construe the pleadings.
It certainly must, be presumed that a mortgage creditor who takes out executory process against the mortgaged property and causes its sale, does so for the purpose of making his money, and if the purchaser *582 of the property fails to pay the price of the adjudication, and the creditor resorts to proceedings against him, it is tobe presumed that he does so to consummate the purpose of the first jiroceeding, and to compel the payment of the price, or in default thereof, to secure a re-offering of the property. This is his legal right, and he cannot reasonably be held to have abandoned it and raise an issue which might postpone the accomplishment of the end in view indefinitely, unless the language of his pleadings or rule will bear no other construction.
It is true that in the rule taken, the plaintiff recites his special mort'gage on the property, and asserts his right to receive the proceeds of the sale over all other persons, but he alleges that the sheriff, though several days had elapsed since the sale, had not paid the plaintiff the amount at which the property had been adjudicated, or any part thereof, though not enjoined from so doing ; and the remedy he invokes in his prayer to the rule is to require the adjudieatees to pay into the hands of the sheriff the price of the adjudication to the amount of his special mortgage “ by preference over any other mortgages that may exist on the property,” and in default thereof, that the sheriff be ordered to re-advertise and re-offer the property for sale. It may be that some of the allegations of this motion were not necessary to the assertion of the right in question, but they were germane to the subject, and used principally by way of recital, and cannot justly be viewed as waiving or impairing the right which he distinctly claims, of compelling the purchasers to pay over the amount of their bid to the sheriff, and the latter to pay it to them, or failing to do so, to resell the property. Besides, it cannot be reasonably held that any language in the rule was designed to provoke a contest over the proceeds of a sale, when there were really no proceeds to make a contest over; for until the price is paid into the hands of the sheriff, there is no sale and can be no proceeds thereof.
We have not intended, in anything said herein, to express an opinion as to the respective rights of the parties to this controversy, under their several claims on the property, as set forth in the pleadings, but only that the defendants in the rule canuot- raise au issue as to these rights by keeping the money, which is the real subjectmatter, the very substance of these conflicting claims.
To be heard respecting their demands, they must resort to the proper remedy.
And we have also left out of view the fact that this property, the entire proceeds of which the defendants in the rule lay claim to, is succession property under administration, and constitutes the entire succession. This fact, to say the least, is notvrell calculated to strengthen their position, since it involves the proposition that a judgment cred *583 itor, under Ms judicial mortgage, can absorb' an entire succession, without taking any step to provoke a sale of the property, by simply buying in the property, when sold at the suit of another, and retaining the price, take possession and compel all persons, if any, holding superior privileges, to sue him to enforce their rights.
We think the judgment appealed from is correct, and it is, therefore, affirmed with costs.
Rehearing refused.